UNION CENTRAL LIFE INSURANCE COMPANY, PLAINTIFF AND APPELLANT, *v.* GROMER, TREASURER OF PORTO RICO, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 2, in an action for the refund of taxes paid under protest.

MOTION of respondent for reconsideration.

No. 824.—Originally decided June 27, 1913.

Motion for reconsideration decided January 31, 1914.

SUIT AGAINST PEOPLE OF PORTO RICO—TREASURER OF PORTO RICO AS DEFENDANT.—An action brought against the Treasurer of Porto Rico for the refund of taxes paid under protest is really a suit against The People of Porto Rico.

TAXES—CONSENT OF PEOPLE TO BE SUED—INTEREST ON TAXES REFUNDED.—By Act No. 35 of March 9, 1911, The People of Porto Rico consents to be sued only for the amount illegally collected as taxes, but does not consent to be sued for interest thereon.

ID.—INTEREST ON TAXES REFUNDED.—The provisions of sections 1067, 1068, 1075 and 1075 of the Civil Code do not apply to suits against The People of Porto Rico for the refund of taxes paid under protest.

The facts are stated in the opinion.

*Mr. Hugh R. Francis* for appellant.

*Mr. Charles E. Foote, fiscal,* for defendant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On June 27, 1913, this court rendered judgment in the above-entitled case reversing the judgment of the District Court of San Juan, Section 2, of October 31, 1911, and decreeing that the plaintiff company recover from the Treasurer

of Porto Rico the sum of $3,621.73, with legal interest from June 23, 1911, when the complaint was filed, without special imposition of costs.

The Treasurer of Porto Rico filed a motion on October 10 last for a reconsideration of the judgment, praying that it be modified by striking out the words "with legal interest from June 23, 1911, when the complaint was filed," and allowing its other pronouncements to remain in force.

In accordance with the doctrine laid down by the Supreme Court of the United States, we must recognize that the action is really against The People of Porto Rico although in form the Treasurer of Porto Rico is the defendant. *Smith* v. *Reeves,* 178 U. S., 436; *Fitts* v. *McGhee,* 172 U. S., 516; *Reagan* v. *Farmers' Trust Co.,* 154 U. S., 362; *Virginia Coupon Cases,* 114 U. S., 270; *Hagood* v. *Southern,* 117 U. S., 52; *In re Ayers,* 123 U. S., 443; *Cunningham* v. *Macon & Brunswick R. R. Co.,* 109 U. S., 446.

The People of Porto Rico being the real defendant, we must consider whether it should be adjudged to pay to the plaintiff interest on the sum which, according to the aforesaid judgment, it is obliged to refund.

In the various decisions of the Supreme Court of the United States the doctrine is laid down that the Government cannot be required to pay interest in the absence of a statutory provision expressly authorizing the same. *Tillson* v. *United States,* 100 U. S., 47; *Angarica* v. *Bayard,* 127 U. S., 251, 260; *United States* v. *North Carolina,* 136 U. S., 211.

Section 3 of Act No. 35 of March 9, 1911, which governs the present case, provides that when a party pays taxes under protest, believing the same to be unjust or illegal, "the party paying said revenue under protest may, at any time within 30 days after making said payment, and not longer thereafter, sue the said Treasurer for said sum, for the recovery thereof in the court having competent jurisdiction thereto; and if it be determined that the same was wrongfully collected as not being due from the said party to the Government, for

any reason going to the merits of the same, the court trying the case may certify of record that the same was wrongfully paid, and ought to be refunded, and thereupon the Treasurer shall repay the same, which payment shall be made in preference to other claims on the Treasury.''

The said act only recognizes the right of a person who pays unjust or illegal taxes to be reimbursed for the sum paid and is silent as to the payment of interest. This silence is the more noteworthy in view of the fact that section 12 of the Act of March 8, 1906, to define injunctions, etc., authorized an injunction to prevent the collection of any illegal tax, and this provision was repealed by Act No. 35 of March 9, 1911, which provides that any revenue deemed unjust or illegal shall be paid under protest, without which requisite its refund cannot be demanded in the manner provided for by the same act. The Legislature knew that the revenue had to be paid, but notwithstanding this it failed to order that when a refund of the amount collected is made interest shall be added.

We have examined the provisions of the Civil Code applicable to the case at bar and find in Chapter II, Title I, Book Fourth thereof, sections 1067, 1068, 1073 and 1075, reading as follows:

''Section 1067.—Persons obliged to deliver or to do something are in default from the moment when the creditor demands the fulfilment of their obligation, judicially or extrajudicially　＊　＊　＊.

''Section 1068.—Those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby.

 ＊  ＊  ＊  ＊  ＊  ＊  ＊

''Section 1073.—Indemnity for losses and damages includes not only the amount of the loss which may have been suffered but also that of the profit which the creditor may have failed to realize, reserving the provisions contained in the following sections.

 ＊  ＊  ＊  ＊  ＊  ＊  ＊

''Section 1075.—Should the obligation consist in the payment of

a sum of money, and the debtor should be in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest."

These provisions are applicable to obligations between private individuals, but not to cases like the present where the obligor is The People of Porto Rico, for the code does not so state nor is it deduced necessarily from the provisions above quoted.

"The State or the public is not to be considered as within the purview of the statute however general and comprehensive the language of such act may be, unless expressly named therein or included by necessary implication. This general doctrine applies with a special force to statutes by which prerogatives, rights, titles, or interests of the State would be divested." 36 Cyc., 1171, 1172.

By Act No. 35 of March 9, 1911, The People of Porto Rico consents to be sued only for the amount illegally collected as taxes, but does not consent to be sued for interest thereon, because if such had been its intention it would have so stated expressly in the said act, which as a special act regulates the present case, and we are not permitted to invoke the provisions of the Civil Code in order to establish an obligation which The People of Porto Rico did not see fit to impose upon itself.

Nor did the Contentious-Administrative Law of September 13, 1888, and its Regulations, approved by Royal Decree of December 18, 1890, and effective up to the time of its repeal by the Act of March 10, 1904, contain any provision relating to interest on sums unduly paid into the Treasury of this Island, and we know of no cases where in deciding claims under the Contentious-Administrative Law for taxes unduly paid, any interest was ordered to be added to the amount so paid and refunded.

For the foregoing reasons that part of our judgment of June 27, 1913, decreeing that the plaintiff recover from the

Treasurer of Porto Rico legal interest on the sum of $3,621.73, which the latter was ordered to refund, is set aside and the rest of the judgment will remain in force.

*Judgment of June 27, 1913, modified by striking out the pronouncement regarding interest.*

Justices Wolf and Aldrey concurred.

Mr. Justice del Toro took no part in the decision of this motion.

It was impossible to publish the foregoing opinion following the original opinion handed down on June 27, 1913 (19 P. R. R., 856), because when the motion for reconsideration was filed the opinions of June, 1913, were already in print.